FILED IN CHAMBERS
U.S.D.C. Atlanta

DEC 1 6 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRILLIANT ALTERNATIVES, INC. and ROBERT J. BRILL, <br><br> Plaintiffs/Counter-Defendants, <br><br> vs. <br><br> FEED MANAGEMENT SYSTEMS, INC. and RICHARD REYNERTSON, <br><br> Defendants/Counter-Plaintiffs. | CIVIL ACTION FILE <br> NO. 1:09-cv-2348-RWS |

## PROTECTIVE ORDER

Upon Defendants' motion and after being fully informed of the matter, the Court hereby makes the following PROTECTIVE ORDER under Federal Rule of Civil Procedure 26(c)(1)(G), to govern the disclosure and use of information, both in documentary and any other tangible or intangible form, asserted to constitute trade secrets or other confidential research, development, or commercial information subject to protection under that Rule or any other applicable law:

    1.    As used in this Protective Order, these terms have the following meanings:

      a.     "Attorneys" means counsel of record;

      b.     "Confidential" documents are documents designated in accordance with Paragraph 2;

      c.     "Confidential — Attorneys' Eyes Only" documents are the subset of Confidential documents designated in accordance with Paragraph 5;

      d.     "Documents" are all materials within the scope of Federal Rule of Civil Procedure 34(a);

      e.     "Written Assurance" means an executed document in the form attached as Exhibit A.

2.    By identifying a document "Confidential," a party may designate any document, including interrogatory responses, other discovery responses, or transcripts, that it in good faith contends to constitute or contain trade secret or other confidential information.

3.    All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of additional intellectual property rights.

4.    Access to any Confidential document shall be limited to:

      a.     The Court and its officers;

    b.    Attorneys and their office associates, legal assistants, and stenographic and clerical employees;

    c.    Persons shown on the face of the document to have authored or received it;

    d.    Court reporters retained to transcribe testimony;

    e.    The parties; and

    f.    Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action.

5.    The parties shall have the right to further designate Confidential documents or portions of documents as "Confidential — Attorneys' Eyes Only." This designation shall be applied only to information that a party in good faith believes is highly sensitive such that it should not be disclosed to the directors, officers or other non-attorney employees of a party, thus requiring a higher level of confidential protection than information designated "Confidential." Disclosure of such information shall be limited to the persons designated in Paragraphs 4.a., 4.b., 4.c., 4.d. and 4.f.

6.    Third parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential — Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action.

A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential — Attorneys' Eyes Only" for a period of 15 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Confidential — Attorneys' Eyes Only" in accordance with the terms of the Protective Order.

7. Each person appropriately designated in accordance with Paragraph 4.f. to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 10 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 10 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

8. All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or "Confidential — Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential — Attorneys' Eyes

Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential — Attorneys' Eyes Only" during the 10-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9.   Any party who inadvertently fails to identify documents as "Confidential" or "Confidential — Attorneys' Eyes Only" shall have 10 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

10.   Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request.

The party returning such inadvertently produced documents may thereafter seek re-production of any such documents in accordance with applicable law.

11. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential — Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court.

12. Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential — Attorneys' Eyes Only." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential — Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rule of Civil Procedure 26(c).

13. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction

as within the 60-day period. Attorneys, however, shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

14. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by the Protective Order shall survive the termination of this action. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court may destroy all "Confidential" materials.

Dated: December 16, 2010

HONORABLE RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

# EXHIBIT A
# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____, county of _____, state of _____;

I am currently employed by _____ located at _____ and my current job title is _____.

I have read and believe I understand the terms of the Protective Order filed on _____, 2009, in the case titled *Brilliant Alternatives, Inc. & Robert J. Brill v. Feed Management Systems, Inc. & Richard Reynertson*, Civil Action No. 1:09-CV-2348-BBM, pending in the United States District Court, Northern District of Georgia. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Confidential — Attorneys' Eyes Only" obtained in accordance with such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use

such documents except for the purposes of this action and in accordance with the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Confidential — Attorneys' Eyes Only," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court, Northern District of Georgia, for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

Executed on: _____
(Date)