## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |  |
|---|---|---|
| BRILLIANT ALTERNATIVES, INC., | : | |
| *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:09-CV-2348-RWS |
| | : | |
| FEED MANAGEMENT SYSTEMS, | : | |
| INC., *et al.* | : | |
| | : | |
| Defendants. | : | |

## <u>ORDER</u>

This case comes before the Court on: Plaintiffs' Motion to Compel Non-Party Cargill [74]; Plaintiffs' Motion for Sanctions against Non-Party Cargill, Reconsideration of the Protective Order, and Extension of Time to Complete Discovery [76]; Plaintiffs' Motion for Oral Argument on the Preceding Motions [78]; Plaintiffs' Supplemental Motion to Extend Time for Discovery [93]; Plaintiffs' Motion to Compel the Defendants to Produce Their Privilege Logs [98]; Defendants' First Motion for Summary Judgement [104]; and Plaintiffs' Rule 56(d) Motion [108]. After a review of the record, the Court enters the following order.

**I. Preliminary Matter**

As an initial matter, the Court finds that the briefing is sufficient on these matters, and an oral hearing is not warranted. Plaintiffs' Motion for Oral Argument [78] is **DENIED**.

**II. Motion to Compel Non-Party Cargill**

Plaintiffs move to compel Non-Party Cargill to produce a more detailed privilege log and due-diligence documents which they feel are relevant to their document requests. First, Plaintiffs argue that Cargill's privilege log is not detailed enough to ascertain whether documents are subject to privilege. On April 1, 2011, following a meet and confer, the Plaintiffs requested that Cargill produce a privilege log which included: "the date the communication was sent; from whom and to whom the communication was sent; the form of the communication (i.e. email, letter, etc.); the subject(s) or topics(s) addressed in the communication; and the specific privilege claimed." Ex. F, Dkt. No. [79-2] at 20. After some initial back and forth regarding whether Cargill would produce just the title of the document or the subject, Cargill agreed to produce all of the information the Plaintiffs requested in its log. Ex. H, Dkt. No. [79-2] at 29. Plaintiffs then wrote Cargill that even despite the amendment, "it [was]

still not apparent to [them] whether all of the documents . . . are protected by the
attorney-client privilege." Ex. I, Dkt. No. [79-2] at 39. Plaintiffs now ask the
Court for "greater specificity" without saying what that specificity is requested
or what specific documents they wish to learn more about. See Dkt. No. [75] at
5.

      The Court does not find that an additional amendment is warranted.
Cargill, a non-party, has produced all the information in its privilege log that the
Plaintiffs requested. And it is worth noting that the parties did not have a formal
meet and confer after the Plaintiffs obtained what they initially wanted out of
Cargill.  This is not a situation in which Cargill had stonewalled the Plaintiffs;
Cargill was actively amending its privilege log and working with the Plaintiffs.
Asking for "greater specificity" without stating what information is needed
about what documents is not sufficient.

      The Court also does not find that Plaintiffs are entitled to Cargill's due
diligence documents originating from its purchase of the remaining 75% of
Defendant FMS, two years after the conduct which underlies this suit.  This
information is irrelevant. Plaintiffs argue that they need this information to
glean what financial incentives the Defendants had to "misappropriate the

[Plaintiffs'] distribution network" in an effort to make FMS a more attractive purchase to Cargill.  However, this merger occurred two years after the conduct which is at issue in this suit and is simply too far removed as these financial conditions were not in existence at the time FMS allegedly tortiously interfered with Plaintiffs' business; the link is too attenuated. Plaintiffs' Motion to Compel Cargill [74] is **DENIED**.

**III. Motion to Compel Defendants**

Plaintiffs also move the Defendants to produce: 1) a privilege log; 2) any documents which Defendant Reynertson has in his "possession, custody, or control"; and, 3) a supplement of all remaining responsive documents.  First, following this motion, the Defendants produced a privilege log. That request is now **MOOT**.

Second, the Court finds that Defendant Reynertson should produce all documents which are in his possession, custody, or control. But as he is sued in his individual capacity, those documents are limited to those that are in his personal possession.  Moreover, he is not required to produce duplicates of documents already produced by FMS.  Last, all parties have a continuing duty to supplement discovery. If the Defendants have any remaining

4

documents–which the Plaintiffs have not already received in this case–they are required to produce them. See FED. R. CIV. P. 26(e) (stating that parties must supplement their disclosures when they learn the initial disclosure was either incomplete or incorrect). However, if documents have been deleted due to a legitimate document-retention plan, those documents will not be compelled as they do not exist.  Therefore, Plaintiffs' Motion to Compel the Defendants [98] is **GRANTED, in part** and **DENIED, in part**.

### IV. Plaintiffs' Motion for Sanctions against Cargill, Supplemental Motion to Extend Discovery, Rule 56(d) Motion, and Defendants' Motion for Summary Judgment

As an initial matter, Plaintiffs request the Court to reconsider the protective order in this case. After due consideration, that request is **DENIED**.

Plaintiffs first move to sanction Non-Party Cargill for over-classifying documents as "attorney's eyes only" under the protective order. Cargill admits that when it classified documents, if the initial document was attorney's eyes only, that document and any attachments–regardless of whether the attachments also were confidential–were marked attorney's eyes only. The Court finds that this process was improper, and Cargill clearly over-classified documents. However, this Court does not find that sanctions are warranted because

Plaintiffs failed to follow the protective order's procedures for challenging over-classification before turning to this Court.

Under paragraph 12 of the protective order, Plaintiffs are required to first ask Cargill to change its classification for the individual documents. Only after Cargill refuses to change the documents is the Court to get involved.  As a result, and for efficiency's sake, this Court will allow the Plaintiffs to determine which documents they wish to be reclassified as the Plaintiffs are in the best position to identify which documents they need.  Plaintiffs can then contact Cargill to reclassify the documents and can meet and confer regarding the same. Therefore, Plaintiffs' Motion for Sanctions [76] is **GRANTED, in part** and **DENIED, in part**.

The Court **GRANTS** Plaintiffs' Rule 56(d) motion [108]. Under Rule 56(d), "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to . . . take discovery; or (3) issue any other appropriate order." Due to Cargill's over-classification of documents, the Plaintiffs were unprepared to take depositions in this case as they could not have reviewed what may be salient, non-confidential documents

with Plaintiff Brill. Therefore, Plaintiffs' Supplemental Motion for an extension of discovery [93] is **MOOT**, as under the Rule 56(d), motion discovery will be extended for sixty (60) days from the date of this order.

Because the Court has granted the Rule 56(d) motion, Plaintiff is not required to respond to Defendants' Motion for Summary Judgment [104] until the additional discovery period concludes.  Also, because Defendants may wish to supplement their motion based on the additional discovery, Defendants' Motion for Summary Judgment [104], which is presently pending,  is **DENIED, without prejudice, with right to refile**.

As a concluding matter, the Court notes that the Plaintiffs have filed five discovery-based motions in the past six months and have not been appropriately using the meet-and-confer process. The Court reminds the parties of their obligation to meet and confer before ever filing discovery motions. A meet and confer is mandatory.

**V. Summary**

Plaintiffs' Motion to Compel Non-Party Cargill [74] and Plaintiffs' Motion for Oral Argument [78] are **DENIED**. Plaintiff's Motion for Sanctions against Non-Party Cargill, Reconsideration of the Protective Order, and

7

AO 72A
(Rev.8/82)

Extension of Time to Complete Discovery [76] and Plaintiffs' Motion to

Compel the Defendants to Produce Their Privilege Logs [98] are **GRANTED,**

**in part** and **DENIED, in part**.  Plaintiffs' Rule 56(d) Motion [108] is

**GRANTED** rendering Plaintiff's Supplemental Motion to Extend Time for

Discovery [93] **MOOT**. Discovery is **EXTENDED** for 60 days from the date of

this order. As a result, Defendants' First Motion for Summary Judgement [104]

is **DENIED, without prejudice, with right to refile**.

     **SO ORDERED** this ___15th___ day of November, 2011.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)