**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| BRILLIANT ALTERNATIVES, INC., *et al.*, | : : : |
| Plaintiffs, | : : |
| v. | :   CIVIL ACTION NO. : 1:09-CV-2348-RWS : |
| FEED MANAGEMENT SYSTEMS, INC., *et al.*, | : : : |
| Defendants. | |

**ORDER**

This case comes before the Court on Defendants' Motion for Summary Judgment [127]. On May 7, 2012, this Court granted Defendants' Motion [127] in part, but reserved ruling on Plaintiffs' fraud and derivative accounting, punitive damages, and attorney's fees claims in light of the Court's decision to compel additional discovery from Defendants. In doing so, the Court rejected most of Plaintiffs' fraud allegations and found that it would only reserve ruling as to whether Defendant Reynertson's statement that "Plaintiffs would receive commissions from the sale of FMS products as well as the Brilliant Products"

was a material misrepresentation. See Dkt. No. [154] at 18.[1] The Court instructed the parties that, following the Defendants' supplemental production, the parties could each file supplemental briefs which solely addressed "whether the new discovery creates a genuine issue of material fact regarding whether Plaintiffs were paid the percentage owed them under the Brilliant-Comco Agreement for FMS Product Sales." Dkt. No. [154] at 20-21.

To prove fraud in Georgia, Plaintiffs are required to prove: "(1) a misrepresentation by defendant of a material existing fact, (2) with knowledge that it was false or with reckless disregard as to whether it was true, (3) with intent to deceive plaintiff, and (4) [that] plaintiff acted upon the misrepresentation in reasonable reliance upon its veracity in a manner which caused proximate injury." Management Assistance, Inc. v. Computer Dimensions, Inc., 546 F. Supp. 666, 671 (N.D. Ga. 1982) (citing Brown v. Techdata Corp., Inc., 234 S.E.2d 787, 790 (Ga. 1977)).

Plaintiffs argue that "two things are clear from the Supplemented Documents: Defendants failed to pay *any* commissions to Plaintiffs, or for that

---

[1]The Court also rejected Plaintiffs' "redefinition" argument, which the Plaintiffs attempt to reargue here. Dkt. No. [154] at 19-20 (rejecting the argument); Dkt. No. [157] at 7 (restating the argument). As that argument has previously been rejected, the Court adopts its previous rejection of that argument here.

matter, remuneration to Comco, despite the fact that Defendants received significant revenue from sales by the Distribution Network of FMS Products." Dkt. No. [157] at 5-6. Thus, Plaintiffs argue, Reynertson's statements that Brill would continue to receive commissions and would not need a new agreement were false. See Dkt. No. [157] at 5-6.

However, after reviewing the supplemental briefing, the Court finds that Plaintiffs' additional evidence does not support a fraud claim against the Defendants. The record evidence reveals that Defendants paid Comco pursuant to their duties under the Management Agreement. See, e.g. Dkt. No. [159-3] (outlining the "wire transfers that Comco received after Aug[.] 1, 2008" from FMS). And, under the Agreement, that was all FMS was obligated to do for Brill's payment purposes. See Agreement, Dkt. No. [127-28] at 3 (stating that Comco, "not FMS, shall be solely responsible for . . . any and all payments to Brill for consulting services, royalties and any other amounts due Bill from [Comco] as contemplated in the [Brilliant-Comco Agreement].").

As well, because Comco retained the obligation to pay Brill, once FMS paid Comco for Distribution Network sales, Comco had the funds to pay Brill; thus, any payment obligation FMS owed was discharged. Whether Brill was ultimately paid, however, was not within the Defendants' control and that

3

liability lay with Comco. Therefore, there is no evidence that Reynertson made a misrepresentation when he stated Brill's rights were unaffected by the Management Agreement as FMS satisfied all of its obligations to facilitate Brill's payment. Before or after the Management Agreement, if Brill was not paid and Comco had received the sales payments, Comco was liable for the non-payment.. Accordingly, Defendants' motion is **GRANTED**.

As well, because all of Plaintiffs' claims have been dismissed, Plaintiffs' derivative accounting, injunction, punitive damages, and attorney's fees claims are also **DISMISSED**.

## Conclusion

Defendants' Motion for Summary Judgment [127] is **GRANTED**. Accordingly, this suit is now limited to Defendants' counterclaims. The parties are **DIRECTED** to file a joint, proposed pre-trial order within 30 days of this Order.

**SO ORDERED**, this __6th__ day of August, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)